UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN HODGES, <br><br> Plaintiff, <br><br> -against- <br><br> PROSPER MARKETPLACE, INC., <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT** |

NOW COMES Plaintiff, JOHN HODGES ("Plaintiff"), by and through his attorneys, and for his Complaint against Defendant, PROSPER MARKETPLACE, INC. ("Defendant"), alleges as follows:

Nature of the Action

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully placing collection calls to Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA") and California's Rosenthal Fair Debt Collection Practices Act (hereinafter "Rosenthal"), Ca Civ. Code § 1788 *et seq*.

2. The TCPA was legislated to prevent companies like Defendant from invading Americans' privacy, by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014).

3. When enacting the Rosenthal, CA Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose declaration:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title

Parties

4. Plaintiff is a natural person residing in Succasunna, New Jersey.

5. Defendant is a business entity a principal business office located in California and conducting business in the State of New Jersey.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8. Supplemental jurisdiction over the state law Rosenthal claim exists pursuant to 28 U.S.C. § 1367.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

## Factual Allegations

10. Defendant placed telephone calls to telephone number (973) 820-xxxx.

11. Telephone number (973) 820-xxxx is assigned to Plaintiff's cellular telephone.

12. These telephone calls are not for emergency purposes.

13. These telephone calls are in connection with an attempt to collect a credit account which, according to Defendant, is past due.

14. The account was used for personal, family, and household purposes.

15. Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant used an automatic telephone dialing system and/or an artificial or prerecorded voice to call Plaintiff's cellular telephone.

16. On or about February 27, 2020, Plaintiff called Defendant at phone number (800) 201-4006.

17. During the conversation, Plaintiff gave Defendant his name and email address, at Defendant's request, so Defendant could identify Plaintiff's account(s).

18. Plaintiff spoke with Defendant and asked it to stop calling his cell phone about any of his account(s).

19. Defendant confirmed that Plaintiff wanted to opt out of future communications and stated that Defendant would no longer call or email Plaintiff.

20. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

21. Defendant continued to call Plaintiff's cell phone after February 27, 2020.

22. Since February 27, 2020, Defendant called Plaintiff's cell phone at least eighty-five (85) times.

23. Defendant often called Plaintiff's cell phone multiple times per day.

24. Defendant used an automatic telephone dialing system and/or an artificial or prerecorded voice in placing these calls.

25. Defendant knew Plaintiff did not want these calls.

26. Defendant did not have Plaintiff's express consent to place these calls.

27. Defendant knowingly and willfully placed these calls.

28. Plaintiff felt annoyed and harassed by these calls, which continued despite an explicit request for these calls to stop.

CLAIM FOR RELIEF
Count I
Telephone Consumer Protection Act

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory

damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## Count II
### Rosenthal Fair Debt Collection Practices Act

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

33. Defendant violated the Rosenthal Act based on the following:

   a. Defendant violated the § 1788.11(d) of the Rosenthal by continuously causing Plaintiff's telephone to ring repeatedly or continuously to annoy the person called; and

   b. Defendant violated the § 1788.17 of the Rosenthal by continuously failing to comply with the statutory regulations contained within section 1692d the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

(2) Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

(3) Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

(4) Attorney's fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(c);

(5) All court costs, witness fees and other costs incurred; and

(6) Awarding such other and further relief as may be just, proper and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: September 8, 2020

/s/ Daniel Ruggiero
Daniel Ruggiero
The Law Office of Daniel Ruggiero
275 Grove St., Suite 2-400
Newton, MA, 02466
P: (339) 237-0343
E: DRuggieroEsq@gmail.com
Attorneys for Plaintiff, JOHN HODGES